UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT L. BEAUVAIS,          ) | |
|                 Plaintiff,     ) | |
| v.                                                ) | Civil Action No. |
|                                                        ) | 04-40260-FDS |
| PAUL P. RIGOPOULOUS, Attorney, ) | |
| ET AL.,                                         ) | |
|                 Defendants.   ) | |

## MEMORANDUM AND ORDER

For the reasons set forth in this Memorandum and Order, plaintiff's motions to proceed *in forma pauperis* and to institute a lawsuit are denied, and this action is dismissed.

## BACKGROUND

On December 20, 2004, plaintiff Robert L. Beauvais, an enjoined litigant, filed an Application to Proceed *in forma pauperis* along with a self-prepared Motion to Institute a Lawsuit. The motion (treated as his complaint) is virtually illegible, almost entirely incoherent, and full of *non sequiturs* and possibly delusional statements. As best as can be gleaned from the document, it appears that Beauvais is alleging a fraud with respect to Social Security or other funds in his bank account. He claims that "$100.00 was taken out of my account and divided 5 ways among non account holders." (Letter at 1). While not entirely clear, it appears he is claiming the two defendant attorneys and the defendant constable conspired to take the money, and further alleges that they are "spies and terrorists." (Letter at 1). He further claims they are "obstructionist to marriage. I asked Shrewsbury police to obtain warrants to arrest these people." (Letter at 2). He later claims that $450 was taken from his account by the defendants to buy

drugs. He seeks to have the defendants incarcerated for espionage and bribing Congressman James McGovern.

## ANALYSIS

**I.    Plaintiff's Complaint Is Subject to Summary Dismissal.**

A District Court may dismiss a complaint *sua sponte*, regardless of whether payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted); *cf. Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (observing that dismissal for lack of subject-matter jurisdiction may result if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous."); *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993) (court may dismiss complaint *sua sponte* under standards for *in forma pauperis* actions even though plaintiff paid the filing fee).

Here, plaintiff is essentially claiming that he is the victim of a scheme to defraud. However, the alleged scheme clearly lacks any arguable basis in fact. *See Neitzke v. Williams*, 490 U.S. 319 U.S. 319, 327-328 (1989) (claims lack an arguable basis in fact when they describe fantastic or delusional scenarios); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (fantastic or delusional scenarios involve alleged facts that are irrational or wholly incredible).

Although the Court recognizes that *pro se* complaints must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this case require far more than liberal construction to survive dismissal. Plaintiff alleges a fraud of several hundred dollars from his bank account, but provides no remotely credible factual basis for asserting that the defendants were

responsible. His complaint is replete with disconnected references to espionage, terrorism, bribery, and drug dealing. Plaintiff's submission, treated as a complaint, is almost certainly delusional, and fails to meet even the lowest threshold pleading requirements of the Federal Rules of Civil Procedure.[1]

**II.    Plaintiff Has Failed to Comply with the Terms of the Order Enjoining Him from Further Filings and Has Failed to Demonstrate Good Cause Why He Should Be Allowed to Institute a Lawsuit.**

On June 22, 1995, Judge Gorton of this Court issued an Order permanently enjoining Beauvais after a finding that plaintiff had filed eleven prior frivolous lawsuits. (*See* Memorandum and Order in Civil Action No. 95-40058-NMG). That injunction stated in part:

> It is further ORDERED, ADJUDGED and DECREED that for the purpose of protecting this Court from the burden of receiving, filing and processing frivolous papers, the plaintiff Robert L. Beauvais be and he hereby is perpetually enjoined and restrained from filing any papers in this Court without the aid and signature of counsel unless or until this Court specifically authorizes the filing of such claims.

*Id*. at 2.

Plaintiff has not obtained the aid and signature of counsel, nor has the Court specifically authorized this filing. Plaintiff is therefore in violation of the Order. Because plaintiff has not provided this Court with any valid reason why he should be permitted to institute this lawsuit, and because the Court finds the plaintiff's lawsuit to be wholly frivolous and vexatious, the Court will not permit this case to proceed.

**III.    Plaintiff's Application to Proceed *In Forma Pauperis* Is Moot.**

---

[1] Rule 8(a) requires a plaintiff to include in his complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiff is allegedly unemployed, receiving Social Security and disability payments, and has no substantial assets. He thus would normally qualify for *in forma pauperis* status and a waiver of the $150 filing fee. However, his application to do so is denied as moot in view of the dismissal of this action and the Order enjoining the plaintiff.

## **CONCLUSION**

Based on the foregoing, it is hereby ORDERED that:

1. plaintiff's motion to proceed *in forma pauperis* is DENIED as moot;

2. plaintiff's Motion to Institute Lawsuit is DENIED; and

3. this action is DISMISSED in its entirety.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 7, 2005